IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN E. WEST,

        Plaintiff,        CV F 06 0628 LJO WMW PC

   vs.                FINDING AND RECOMMENDATION
                              RE MOTION FOR TEMPORARY
                              RESTRAINING ORDER (DOC 15)

J. YATES, et al.,

        Defendants.

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Plaintiff's motion for a temporary restraining order.

      In his motion, Plaintiff contends that it is difficult for him to utilize his walking cane while wearing mechanical restraints. Specifically, Plaintiff claims that it is difficult to wear waist chains.   Plaintiff seeks court intervention by way of an order directing the Warden of Pleasant Valley State Prison to refrain from complying with the policy regarding the use of waist chains.

      The purpose of a preliminary injunction is to preserve the status quo of the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

1  "demonstrates either (1) a combination of probable success and the possibility of irreparable

2  harm, or (2) that serious questions are raised and the balance of hardships tips in its favor."

3  Arcamuzi v. Continental Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  Under either approach

4  the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction

5  should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a bare

6  minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions

7  serious enough to require litigation."  Id.

8       On April 10, 2008, an order was entered, dismissing the operative pleading in this case

9  and granting Plaintiff leave to file an amended complaint.   The court found that the complaint

10  consisted of rambling and conclusory allegations.  Plaintiff failed to specifically charge and

11  individually named defendants with any conduct.

12       Because there is no operative pleading and Plaintiff has failed to state a claim for relief,

13  the court finds that Plaintiff has not met the above standard.  Accordingly, IT IS HEREBY

14  RECOMMENDED that Plaintiff's motion for a temporary restraining order be denied.

15       These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within ten days after service of the objections.   The parties are advised

21  that failure to file objections within the specified time waives all objections to the judge's

22  findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file

23  objections within the specified time may waive the right to appeal the District Court's order.

24  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  IT IS SO ORDERED.

26

1   **Dated:    April 28, 2008**                          **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26